# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLYMER TECHNOLOGY SYSTEMS, INC., a Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACON LABORATORIES, INC., a California corporation; and ACON BIOTECH (HANDZHOU) CO., LTD., a Chinese company,<br><br>Defendants. | Case No.: 18-cv-00805-H-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT ACON LABS' MOTION TO STAY THE ACTION PENDING ITC INVESTIGATION; AND**<br><br>[Doc. No. 17.]<br><br>**(2) DENYING WITHOUT PREJUDICE DEFENDANT ACON BIOTECH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**<br><br>[Doc. No. 18.] |

On June 18, 2018, Defendant ACON Laboratories, Inc. filed a motion to stay the present action pending a concurrent ITC investigation. (Doc. No. 17.) On July 2, 2018, Plaintiff Polymer Technology Systems, Inc. filed a response in opposition to ACON Labs' motion to stay. (Doc. No. 20.) On July 9, 2018, ACON Labs filed a reply in support of its

motion to stay. (Doc. No. 21.) A hearing on the motion to stay is currently scheduled for Monday, July 16, 2018 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), determines the matter to be appropriate for resolution without oral argument, submits it on the papers, and vacates the motion hearing. For the reasons below, the Court grants Defendant ACON Labs' motion to stay the action.

## **Backgound**

On April 26, 2018, Plaintiff PTS filed a complaint against Defendants ACON Laboratories, Inc. and ACON Biotech (Hangzhou) Co., Ltd., alleging claims for infringement of U.S. Patents Nos. 7,087,397, 7,625,721, and 7,494,818. (Doc. No. 1, Compl. ¶¶ 25-39.) Specifically, Plaintiff alleges in the complaint that Defendants' "Mission Cholesterol Monitoring System," "Mission Cholesterol Pro Monitoring System," and "Mission Lipid Panel Monitoring System" products directly infringe the patents-in-suit. (Id. ¶¶ 12, 26, 31, 36.)

On April 30, 2018, Plaintiff also filed a complaint with the United States International Trade Commission pursuant to Section 337 of the Tariff Act of 1930. (Doc. No. 17-2, Ex. 1.) Plaintiff's ITC complaint named ACON Labs and ACON Biotech as the proposed respondents, and the ITC complaint alleges infringement of the same three patents by the same accused products as alleged in the complaint in this action. (Compare Doc. No. 17-2 at ¶¶ 4.3, 6.1-6.9 with Doc. No. 1, Compl. ¶¶ 12, 26, 31, 36.)

On May 31, 2018, the ITC issued a notice of institution of investigation, instituting Investigation No. 337-TA-1116. (Doc. No. 17-3, Ex. 2.) The notice of investigation formally named ACON Labs and ACON Biotech as respondents and stated the scope of the investigation as the determination of whether the accused products infringe claims 1-3, 5, 10, 13-14, and 17-20 of the '397 patent; claims 1-9 and 13-15 of the '721 patent; and claims 8-11 of the '818 patent. (Id. at 2.) By the present motion, Defendant ACON Labs moves pursuant to 28 U.S.C. § 1659(a) for a stay of the present action pending a final determination in ITC Investigation No. 337-TA-1116. (Doc. No. 17-1.)

///

**Discussion**

In the present motion, Defendant ACON Labs argues that the Court must stay all the claims in the present action under 28 U.S.C. § 1659(a). (Doc. No. 17-1 at 1-2.) Section 1659(a) provides:

> at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed,
>
> whichever is later.

28 U.S.C. § 1659(a). When the requirements of section 1659(a) have been met, a stay of the district court action is mandatory. See In re Princo Corp., 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("[Section] 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review."); Arris Solutions, Inc. v. Sony Interactive Entertainment LLC, 2017 WL 4536415, at *1 (N.D. Cal., Oct. 10, 2017) ("[S]uch a stay is mandatory under 28 U.S.C. § 1659(a)."); Nobel Biocare Services AG v. Neodent USA, Inc., 2014 WL 12573966, at *1 (C.D. Cal., Dec. 5, 2014) ("28 U.S.C. § 1659(a) confers upon the party in a civil action who is also 'a respondent in [a] proceeding before the [ITC]' involving the same issues a statutory right to a mandatory stay of a district court action if the party brings the request within 30 days of the concurrent ITC action.").

The Court must stay the present action under 28 U.S.C. § 1659(a) in light of ACON Labs' request to stay the action pending the ITC's final decision in ITC Investigation No. 337-TA-1116. ACON Labs is both a party in this action and a respondent in the ITC investigation. In addition, ACON Labs' request for a stay is timely. ACON Labs was

formally named as a respondent in the ITC investigation on May 31, 2018. (Doc. No. 17-3, Ex. 2 at 2.) And ACON Labs filed the present motion to stay on June 18, 2018, less than 30 days later. (Doc. No. 17.) Further, the ITC investigation involves the same claims of patent infringement as the present action. The scope of the ITC investigation involves the same patents and the same accused products as the allegation in Plaintiff's complaint in this action. (Compare Doc. No. 17-3, Ex. 2 at 2 with Doc. No. 1, Compl. ¶¶ 12, 26, 31, 36.) Thus, the present action involves the same issues as the ITC investigation. As such, all of the requirements for a stay set forth in section 1659(a) have been met, and, therefore, the Court must stay the action under section 1659(a) "until the determination of the [ITC in Investigation No. 337-TA-1116] becomes final." 28 U.S.C. § 1659(a); see Princo, 478 F.3d at 1355.

In response, Plaintiff PTS does not dispute that all of the requirements for a mandatory stay under section 1659(a) have been met. Rather, PTS requests that the Court delay its entry of a stay as to Defendant ACON Biotech until the parties have resolved their dispute regarding whether Plaintiff PTS has properly served ACON Biotech with the summons and complaint in this action.[1] (Doc. No. 20 at 2.) In reply, ACON Labs argues that the statutory language in section 1659(a) mandates a stay of all the claims in this action including Plaintiff's claims against ACON Biotech. (Doc. No. 21 at 1.) The Court agrees with ACON Labs.

Section 1659(a) provides that upon a timely request by a proper party, the Court must stay "any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). Thus, under the plain language of section 1659(a), the Court must now stay all of the claims in this action, including Plaintiff's claims against ACON Biotech, because all of the claims in Plaintiff's complaint against both Defendants involve the same issues as the ITC Investigation. Thus, under section 1659(a), the Court

---

[1] On July 2, 2018, Defendant ACON Biotech filed a motion to dismiss for insufficient service of process. (Doc. No. 18.)

is required to stay all the claims in the action as to both defendants, and the Court does not have discretion to delay its entry of a stay to allow the parties to resolve their dispute regarding service as to ACON Biotech.

## **Conclusion**

For the reasons above, the Court grants Defendant ACON Labs' motion to stay the action pending the final decision in ITC Investigation No. 337-TA-1116. The Court orders the parties to file a joint status report within six (6) months from the date this order is filed, and to file a joint status report every six months thereafter until ITC Investigation No. 337-TA-1116 has concluded. The Court also orders the parties to file a joint status report within seven (7) days after the ITC issues its final decision in Investigation No. 337-TA-1116. The ITC's final decision must be attached to that status report. In addition, the Court denies Defendant ACON Biotech's motion to dismiss for insufficient service of process, (Doc. No. 18), without prejudice to Defendant ACON Biotech refiling the motion, if necessary, once the stay is lifted.[2]

**IT IS SO ORDERED.**

DATED: July 11, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] Because the Court denies Defendant ACON Biotech's motion to dismiss without prejudice, the Court also vacates the hearing on that motion scheduled for Monday, July 30, 2018 at 10:30 a.m.